IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANDRA AGEE, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-868-LPS |
| ANDREW M. SAUL, Commissioner of Social Security Administration,[1] | : |
| Defendant. | : |

Sandra Agee, Millsboro, Delaware

    Pro Se Plaintiff

David C. Weiss, United States Attorney for the District of Delaware, Wilmington, Delaware

Eric P. Kressman, Regional Counsel, Assistant Regional Counsel, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania

Heather Benderson, Special Assistant United States Attorney, Office of the General Counsel, Philadelphia, Pennsylvania

    Attorneys for Defendant

**MEMORANDUM OPINION**

September 30, 2020
Wilmington, Delaware

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted for Nancy A. Berryhill, Acting Commissioner of Social Security who was named as the defendant in this suit.

1

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Sandra Agee ("Agee" or "Plaintiff"), who appears *pro se*, appeals the decision of Defendant Andrew M. Saul, Commissioner of Social Security ("the Commissioner" or "Defendant"), pursuant to 42 U.S.C. § 405(g) denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. Before the Court is Defendant's motion to dismiss. (D.I. 8)

## II. BACKGROUND

On June 12, 2018, Plaintiff filed this action seeking review of an adverse decision by Defendant pursuant to 42 U.S.C. § 405(g). (D.I. 1) On October 16, 2017, an administrative law judge had issued a decision denying Plaintiff's claim for Title II disability benefits. (D.I. 8-1 at 3) Plaintiff requested a review of the decision. (*Id.* at ex. 2) On February 16, 2018, the Appeals Council sent Plaintiff a notice of its action on her request for review. (*Id.*) The denial letter was mailed to Plaintiff at her address. (*Id.* at 8-1 at 16) The letter advised Plaintiff of her right to file a civil action for a court review within 60 days from the date of receipt of the notice. (*Id.* at 17) The denial letter further advised Plaintiff that "[t]he 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (*Id.*) The Social Security Administration's Office of Appellate Operations is not aware of any request for an extension of time to file a civil action as specified in its notice and in § 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), and in section 422.210 of Social Security Regulations No. 22 (20 CFR 422.210). (*Id.*) Plaintiff filed this action on

2

June 12, 2018. (D.I. 1) Defendant moves for dismissal on the grounds that the Complaint was not filed within the required 60-day time-frame.[2]

### III.  STANDARD OF REVIEW

A statute of limitations defense may be raised in a Rule 12(b)(6) motion, "[when] the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks omitted). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.").

---

[2] Defendant does not indicate under which rule of Federal Civil Procedure he proceeds for dismissal. The Court presumes Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See Raffinee v. Commissioner of Soc. Sec.*, 367 F. App'x 379, 380 (3d Cir. 2010) (affirming dismissal of social security appeal as time-barred pursuant to Rule 12(b)(6)).

## IV. DISCUSSION

Section 405(g) provides that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This provision constitutes a statute of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). When Congress attaches conditions to legislation waiving the sovereign immunity of the United States (as in Social Security review cases), those conditions must be strictly observed, and exceptions are not to be lightly implied. *See Block v. North Dakota*, 461 U.S. 273, 287 (1983).

The limitations period prescribed by § 405(g), however, is subject to equitable tolling. "[A]pplication of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Bowen*, 476 U.S. at 480. Equitable tolling is "to be applied sparingly." *Kramer v. Commissioner of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012). There are several situations under which a statute of limitations period may be tolled on equitable grounds: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting her rights; or (3) where the plaintiff has timely asserted her rights mistakenly in the wrong forum. *See D.J.S.-W v. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020); *see also Cardyn v. Commissioner of Soc. Sec.*, 66 F. App'x 394, 397 (3d Cir. 2003). A plaintiff bears the burden of establishing that equitable tolling applies. *See Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997).

Here, the notice of the Appeals Council action was mailed to Plaintiff on February 16, 2018. Applying the five-day presumption, Plaintiff is presumed to have received the letter on February 21,

4

2018. Plaintiff then had 60 days to file the instant action, up to and including April 22, 2018. *See* Fed. R. Civ. P. 6(a)(1) (in computing time for filing, when period is stated in days or longer unit of time, exclude day of event that triggers period, count every day thereafter – including intermediate Saturdays, Sundays, and legal holidays – and include last day of period, but if such last day is Saturday, Sunday, or legal holiday then period continues to run until end of next day that is not Saturday, Sunday, or legal holiday).

April 22, 2018 was a Sunday and, because the Clerk's Office was closed, Plaintiff had until the end of Monday, April 23, 2018 to file this action. *See* Fed. R. Civ. P. 6(a)(1); *see also* Fed. R. Civ. P. 6(a)(3) (unless court orders otherwise, if clerk's office is inaccessible on last day for filing under Rule 6(a)(1), then time for filing is extended to first accessible day that is not Saturday, Sunday, or legal holiday). Plaintiff, however, did not file this action on Monday, April 23, 2018, but waited until June 12, 2018, to do so, far past the time to do so. Therefore, the action is time-barred.

In addition, Plaintiff failed to present any facts to justify equitable tolling of the limitations period or provide a reason for the late filing. *See e.g., Cardyn*, 66 F. App'x at 397. Plaintiff did not address her untimely filing of the Complaint in either of her responses to the motion to dismiss. (*See* D.I. 9, 10) As discussed, Plaintiff bears the burden of establishing that equitable tolling applies. She has failed to meet her burden.

The Complaint was not timely filed. Therefore, the Court will grant the motion to dismiss.

## V. CONCLUSION

For the reasons discussed above, the Court will grant Defendant's motion to dismiss. (D.I. 8) An appropriate order will be entered.